**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERLIN ADONI PEREZ MONROY,

Petitioner,

v.

Case No. 1:26-cv-03637-MIS-DLM

WARDEN, in his capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Erlin Adoni Perez Monroy's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 28, 2026. On November 12, 2026, the federal Respondents filed a "Response to [the] Petition" ("Response"). ECF No. 7.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

Petitioner is a citizen of Guatemala who entered the United States sometime on or before 2014 Pet. at 5; Resp. at 1. On July 29, 2026, an Enforcement and Removal Team ("ERO") was attempting to locate another noncitizen. Resp. at 2. The ERO Team found Petitioner to be the registered owner of a vehicle in the area and detained him. Id. He has been detained ever since and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Pet. at 1. Shortly thereafter the United States Department of Homeland Security ("DHS") initiated removal proceedings. Resp. at 2. On October 15, 2026, an Immigration Judge ordered Petitioner removed to Guatemala. Id. ] Respondents assert that the Immigration Judge in the Removal Order found that Petitioner did not file any application for protection from removal and therefore abandoned all claims of relief regarding his removability; but it is not clear what, if anything, the Immigration Judge relied upon in denying Petitioner bond. See generally Resp. According to Respondents, at some point in October 2026, perhaps October 5, 2026, see Resp. at 3, an Immigration Judge provided Petitioner a bond hearing; however, they do not, provide any documentation in support of this assertion or even minimally describe the Immigration Judge's determination. See generally Resp.

On October 28, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention is unlawful and violates his Fifth Amendment right to due process. Pet. at 3-6. He asserts, multiple times, that Respondents failed to make an "individualized determination" or "meaningfully evaluate" whether to release him on bond during the pendency of removal proceedings. Id. He seeks immediate release. Id. at 10. Respondents argue that Petitioner had a bond hearing, and therefore 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the Immigration Judge's discretionary judgment. Resp. at 2-3 Respondents argue further that, having had a bond hearing, Petitioner has no constitutional right to be released during the pendency of immigration proceedings and has received all the process he is due. Id. at 3-4 (citing, inter alia, Reno v. Flores, 507 U.S. 302, 306 (1993)). Respondents make no substantive argument that the bond hearing was constitutionally adequate or attach documentation to establish that it was. See generally Resp.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

At best, given the absence of detail provided by Respondents in support of their position, the Court could conclude that the Immigration Judge denied Petitioner bond because Petitioner was found removable. If this is the case, the Court has previously held that bond determinations labeling a petitioner a flight risk based solely on the fact that he is subject to a removal order were constitutionally inadequate. Arrascaeta Boris v. Warden, Torrance Cnty. Det. Ctr., No. 2:26-CV-02472-MIS-SCY, 2026 WL 2491522, at *2 (D.N.M. Aug. 25, 2026) (reasoning that would make all noncitizens subject to removal orders per se flight risks); Salinas Rodriguez v. Warden, Otero Cnty. Processing Ctr., No. 2:26-CV-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 14, 2026) (same).

Furthermore, "[w]here, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Here, Respondents do not meaningfully respond to Petitioner's repeated assertions that the Immigration Judge did not make an individualized determination and therefore the bond decision was constitutionally inadequate. See generally ECF 7. Accordingly, the Court finds that Respondents' non-opposition to the Petition (including their failure to attach documentation sufficient to support their position or describe what that documentation might have shown) constitutes a concession that Petitioner is being detained in violation of the INA.

The Court therefore concludes Petitioner did not receive a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Dong, 2026 WL 1959357, at *1. As such, his continued detention violates the INA, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, see generally Resp., the Court finds that immediate release is the appropriate remedy.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Erlin Adoni Perez Monroy from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent a final order of removal without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE